## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERATION II, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> PH2003 UNIT LLC; and BOARD OF MANAGERS OF THE RESIDENTIAL SECTION OF THE PLAZA CONDOMINIUM, <br><br> Defendants. | CIVIL ACTION NO. 1:21-CV-10508 <br><br><br> **AMENDED COMPLAINT** |

Generation II, L.L.C. ("G2" or "Plaintiff"), by and through its undersigned counsel, Flaster/Greenberg, P.C., hereby brings this Complaint against Defendant PH2003 Unit LLC ("PH2003"), and Defendant Board of Managers of the Residential Section of the Plaza Condominium (the "Residential Board"), (collectively, "Defendants"), and states:

## BACKGROUND

1.      G2 owns a condominium unit, Unit 2006, at The Plaza Private Residence, 1 Central Park South, New York, NY 10019 (the "Condominium").

2.      Defendant PH2003 Unit LLC owns Unit 2003 at the Condominium, which is in close proximity to Unit 2006.

3.      According to an Incident Report signed by Robert Fasano, the Condominium Resident Manager, the toilet in Unit 2003 became clogged and overflowed, which Condominium staff first observed on November 25, 2019.

4.      The toilet overflow caused significant amounts of water to discharge and leak into Unit 2006, resulting in significant damage to Unit 2006 and the property therein.

5.      G2 repaired the damage to its Unit and the property therein caused by the discharge from Defendant's toilet at a total cost of $164,844.88.

6.      As the owner of Unit 2003, PH2003 is liable for the damage its unit caused to G2's property pursuant to the Condominium By-Laws of The Plaza Condominium ("Condo By-Laws"), the Residential By-Laws of The Plaza Condominium ("Residential By-Laws"), and common law.

7.      G2 has sought reimbursement from PH2003, which has wrongfully refused to pay.

8.      Defendant Residential Board is, upon information and belief, a condominium association formed pursuant to the New York Condominium Act, N.Y. Real Prop. Law §§ 339-D through 330-LL.

9.      Pursuant to the Residential By-Laws, the Residential Board is charged with the duty to enforce the provisions of the Condo By-Laws and Residential By-Laws as it concerns the Residential Section of the Condominium.

10.     The Residential Board has failed to perform a duty required under the Residential By-Laws by failing to take actions necessary to cause PH2003 to comply with its obligations under the Condo By-Laws and Residential By-Laws to pay for the damage its Unit 2003 caused to G2's Unit 2006.

11.     The Residential Board failed to perform a duty required under the Residential By-Laws by failing to oversee the adjustment of the loss to Unit 2006 and coordinate restoration, and by failing to adequately pursue insurance coverage under its property insurance policy that covers some or all of the damage to Unit 2006.

12.     The Residential Board failed to exercise due care by failing to observe and mitigate water discharging from Unit 2003 sooner, which would have prevented the substantial damage to Unit 2006 and other affected units.

13.     The Residential Board's acts or omissions have caused G2 to incur damages.

14.     G2 seeks full reimbursement, plus all costs, attorneys' fees and other damages, resulting from Defendants' conduct.

## PARTIES

15.     Plaintiff G2 is a limited liability company whose members are:

    a.   Ralph L. Roberts, Sr., a citizen of Florida, as Trustee of the Ralph L. Roberts Declaration of Trust, an Ohio trust;

    b.   Mary D. Roberts, a citizen of Florida, as Trustee of the Mary D. Roberts Declaration of Trust, an Ohio trust;

    c.   Roby L. Roberts, a citizen of Florida, as Trustee of the Roby L. Roberts Declaration of Trust, an Ohio trust;

    d.   Michelle R. Carpenter, a citizen of Florida, as Trustee of the Michelle R. Carpenter Declaration of Trust, an Ohio trust;

    e.   Roby L. Roberts, a citizen of Florida, as Co-Trustee of the June 11, 2002 Roby Lee Roberts Family Trust, an Ohio trust;

    f.   Thomas R. Meyer, a citizen of Florida, as Co-Trustee of the June 11, 2002 Roby Lee Roberts Family Trust, an Ohio trust;

    g.   Michelle R. Carpenter, a citizen of Florida, as Co-Trustee of the June 11, 2002 Michelle R. Carpenter Family Trust, an Ohio trust;

h.   Thomas R. Meyer, a citizen of Florida, as Co-Trustee of the June 11, 2002 Michelle R. Carpenter Family Trust, an Ohio trust; and

i.   RLM Holdings, L.L.C., whose sole member is Ralph L. Roberts, Sr., a citizen of Florida.

16.   Defendant PH2003, Inc. is a New York corporation with a registered address of One Central Park South, #2009, New York, NY 10019.

17.   Defendant Residential Board is a condominium association formed pursuant to the New York Condominium Act, N.Y. Real Prop. Law §§ 339-D through 330-LL, in connection with the Condominium, located at 1 Central Park South, New York, NY 10019.

## JURISDICTION AND VENUE

18.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

19.   Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants are located in New York City and the events and/or omissions giving rise to this action occurred in New York City.

## FACTS COMMON TO ALL COUNTS

I.   **The Condo Bylaws and the Residential Bylaws**

20.   The Condominium and its unit owners are subject to the Condo By-Laws.

21.   Section 11.11.1 of the Condo By-Laws states in relevant part:

Indemnification by Unit Owners. … [E]ach Unit Owner covenants to indemnify, defend and hold each other Unit Owner…harmless…from any and all claims…damages…and expenses (including, without limitation, reasonable attorney's fees) in connection with…damage to property arising from or out of any occurrence in or upon the Unit…owned by such Unit Owner….

4

22.     A "Unit Owner" is defined to include owners of units of the Residential Section and, accordingly, pursuant to the Condo By-Laws all unit owners, including PH2003, are liable for all damages arising from an event or occurrence at or within their units, without regard to fault.

23.     The owners of residential units in the Condominium are also subject to the Residential By-Laws, except that in the event of a conflict between the Condo By-Laws and the Residential By-Laws, the Condo By-Laws control.

24.     Section 6.6.2(a) of the Residential By-Laws states:

In the event any…repairs or replacements to the Property or any part thereof (including, without limitation, any Unit) is necessitated by or attributable to the negligence, misuse, neglect or abuse of: (i) any one or more Residential Unit Owner(s) or its or their tenants, agents, invitees, licensees or guests, the entire cost thereof shall be borne entirely by such Residential Unit Owner(s)….

25.     Accordingly, pursuant to the Residential By-Laws, to which PH2003 is bound, all unit owners are independently liable for all damages arising from their negligence or the negligence of their agents, invitees and licensees, but this Section 6.6.2(a) does not supersede or replace each unit owner's indemnity obligation set forth in the Condo By-Laws at Section 11.11.1.

26.     In addition, the Residential By-Laws set forth the powers and duties of the Residential Board.

27.     Specifically, Section 2.2(k) of the Residential By-Laws states that the Residential Board is charged with: "Enforcing obligations of Residential Unit Owners, including, without limitation, commencing, prosecuting and settling litigation in connection therewith."

28.     Thus, if a unit owner is obligated to pay for damage arising from an event or occurrence at its unit pursuant to the Condo By-Laws, or for negligence pursuant to the Residential By-Laws, but refuses to honor its obligations, the Residential Board is required to enforce the Condo By-Laws or Residential By-Laws, including instituting litigation against the recalcitrant unit owner.

29.     Furthermore, Section 6.5.1(a) of the Residential By-Laws states that:

In the event that solely the Residential Section (i.e., the Residential Units and/or Residential Limited Common Elements) or any part thereof is destroyed by fire or other casualty…the Residential Board will arrange for the prompt repair and restoration of the Residential Section (including each Residential Unit, but excluding improvements, betterments, equipment, furniture, furnishings or other personal property in any such Unit) and the Residential Board…shall disburse the proceeds of all applicable insurance policies to the contractors engaged in such repair and restoration in appropriate progress payments.

30.     Pursuant to Section 11.4.2 of the Condo By-Laws, the Residential Board is required to maintain property insurance that covers the residential units, excluding improvements, betterments, equipment, furniture, furnishings or other personal property.

31.     Thus, Section 6.5.1(a) requires the Residential Board to adjust the loss to a residential unit due to a casualty, to plan and execute the restoration of the unit, and to obtain insurance proceeds from the property policy it purchased in accordance with Section 11.4.2 of the Condo By-Laws to pay for same or to reimburse the unit owner, as appropriate.

**II.     The Water Discharge from Unit 2003 and the November 25, 2020 Incident Report.**

32.     On November 25, 2019, Resident Manager Robert Fasano prepared an Incident Report stating that, on that same day,

the staff observed water running from the ceiling of the 20th floor common hallway. An emergency investigation found the bathroom, located on the upper floor of unoccupied apartment 2003, had a clogged toilet that was over flowing. The water was shut off immediately and a search for damage was conducted, each apartment effected was tended to by the staff for emergency water extraction and the reasonable movement of items in danger of water damage….The staff conducted a sweep of the following apartments that were effected directly by water from above, the water was visually obvious within these units. 2003…2006: Ceilings, walls, floors, finishes, furnishings, AV equipment and articles…2002…1906…1904: ….NOTE: The water is leaching and wicking, complete damage not yet revealed"

33.     This discharge from the toilet in Unit 2003 constitutes an event or occurrence that took place within or at Unit 2003, which caused damage to four other units: 2006, 2002, 1906 and 1904.

34.     A subsequent investigation revealed that PH2003's housekeeper entered and exited Unit 2003 on November 25, 2019, the day that Mr. Fasano's staff observed the water discharging from Unit 2003.

**COUNT I**
**NEGLIGENCE v. PH2003**

35.     G2 hereby incorporates by reference all preceding paragraphs of this Complaint as if same were set forth at length herein.

36.     PH2003 owes G2 and all other unit owners of the Condominium a duty to exercise due care in connection with its unit, Unit 2003.

37.     PH2003 owes G2 and all other unit owners a duty to prevent Unit 2003 from causing damage to other units.

38.      PH2003 owes G2 and all other unit owners a duty to maintain Unit 2003 in good working order and to reasonably inspect Unit 2003 to ensure that it and all of its components were in good working order.

39.     PH2003 owes G2 and all other unit owners a duty to hire competent employees or agents, including housekeeping staff.

40.     PH2003 is responsible for damage cause to other units by its employees or agents, including housekeeping staff.

41.     PH2003 breached its duties because it had, or with the exercise of reasonable diligence and care should have had, actual and/or constructive notice that its toilet in Unit 2003 was clogged and/or prone to clog.

42.     PH2003 breached its duties because, with the exercise of reasonable diligence and care, it should have detected the clogged toilet and taken action to prevent damage, but failed to do so.

43.     PH2003 breached its duties by failing to adequately maintain the toilet in Unit 2003, and all associated plumbing, in good working order, and by failing to adequately inspect same.

44.     PH2003 breached its duties by misusing or neglecting the toilet or associated plumbing in Unit 2003.

45.     PH2003 breached its duties to the extent it failed to exercise due care in hiring competent employees or agents, including housekeeping staff, to clean, inspect and maintain the toilet in Unit 2003.

46.     PH2003 is responsible for the damage to Unit 2006 to the extent its employees or agents, including housekeeping staff, misused or caused the toilet in Unit 2003 to overflow, or failed to detect and report that it was overflowing, or otherwise failed to properly maintain the toilet in Unit 2003.

47.     The clogging and overflowing of the toilet in Unit 2003 to such a degree and for such a period of time that water discharged into at least four other units and was leaking from a ceiling, causing substantial damage to and requiring substantial water remediation at Unit 2006, is an event or occurrence of a kind which ordinarily does not occur in the absence of negligence.

48.     Unit 2003 and the instrumentality or agency causing the damage, i.e., the clogged and overflowing toilet in Unit 2003 or any person invited into and using such toilet within Unit 2003, were and are entirely within PH2003' exclusive control.

49.     G2 had nothing to do with and did not in any way contribute to the clogged toilet in Unit 2003 and resulting damage.

50.     In addition, pursuant to the Residential By-Laws, Section 6.6.2(a), PH2003 is liable for all damages to Unit 2006 due to its neglect with respect to its toilet.

51.     The damage to Unit 2006 is in excess of $164,844.88.

52.     Despite its clear obligation to pay for the damage its unit caused to Unit 2006, PH2003 has wrongfully and without basis refused to pay for same.

**WHEREFORE**, G2 demands judgment in its favor and requests an award of damages against Defendant PH2003 reflecting the full cost to repair the damage to Unit 2006; consequential damages; prejudgment interest; attorneys' fees and costs; and other such relief as the court deems just and equitable.

## COUNT II
## INDEMNIFICATION v. PH2003

53.      G2 hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth at length herein.

54.     Pursuant to Section 11.11.1 of the Condo By-Laws, each unit owner of the Condominium has indemnified each other unit owner for all damages arising from each unit owner's unit, regardless of fault.

55.     An occurrence took place in PH2003's Unit 2003 in the form of the toilet clogging and overflowing, causing in excess of $164,844.88 worth of damage to G2's Unit 2006.

56.     Pursuant to Section 11.11.1, PH2003 must indemnify G2 for all such damages caused by the occurrence at Unit 2003.

57.     G2 has sought such indemnification from PH2003 and its insurer, but both have wrongfully refused to pay.

**WHEREFORE**, G2 demands judgment in its favor and requests an award of damages against Defendant PH2003 reflecting the full cost to repair the damage to Unit 2006; consequential

damages; prejudgment interest; attorneys' fees and costs; and other such relief as the court deems just and equitable.

**COUNT III**
**NEGLIGENCE v. RESIDENTIAL BOARD**

58.     G2 hereby incorporates by reference all preceding paragraphs of this Complaint as if same were set forth at length herein.

59.     The Residential Board had a duty to exercise due care in connection with monitoring and inspecting the residential portion of the Condominium.

60.     The Residential Board had a duty to monitor and inspect the residential portion of the Condominium for any improper affect one unit may be having on another.

61.     The Residential Board breached this duty by failing to timely observe and mitigate the water discharging from Unit 2003 that impacted Unit 2006.

62.     In addition, the Residential Board had a duty to prevent unauthorized access to the residential units.

63.     The Residential Board breached this duty to the extent that it allowed unauthorized access to Unit 2003, which may have contributed to the clogging event and subsequent water discharge.

64.     The Residential Board's acts or omissions have caused or contributed to G2's damages.

**WHEREFORE**, G2 demands judgment in its favor and requests an award of damages against Defendant Residential Board reflecting the full cost to repair the damage to Unit 2006; consequential damages; prejudgment interest; attorneys' fees and costs; and other such relief as the court deems just and equitable.

<u>COUNT IV</u>
<u>BREACH OF RESIDENTIAL BY-LAWS v. RESIDENTIAL BOARD</u>

65.    G2 hereby incorporates by reference all preceding paragraphs of this Complaint as if same were set forth at length herein.

66.    The Residential Board had a duty pursuant to Section 2.2(k) of the Residential By-Laws to enforce the obligations of all residential unit owners set forth in the Condo By-Laws and Residential By-Laws.

67.    The Residential Board failed to adhere to the Residential By-Laws by failing to enforce PH2003's obligation pursuant to Section 11.11.1 of the Condo By-Laws to indemnify G2 for the damage PH2003's Unit 2003 caused to G2's Unit 2006.

68.    In addition, the Residential Board failed to adhere to the Residential By-Laws by failing to enforce PH2003's obligation pursuant to Section 6.6.2(a) of the Residential By-Laws to pay for all damage to other units caused by its negligence.

69.    Furthermore, the Residential Board failed to adhere to Section 6.5.1(a) of the Residential By-Laws by failing to adjust the loss to Unit 2006, to plan and execute the restoration, and to obtain insurance proceeds from the property policy it purchased in accordance with the Condo By-Laws to pay for same or to reimburse the relevant unit owner, as appropriate

70.    This dereliction and breach of duty resulted in damages to G2.

**WHEREFORE**, G2 demands judgment in its favor and requests an award of damages against Defendant Residential Board for: the full cost to repair the damage to Unit 2006; consequential damages; prejudgment interest; attorneys' fees and costs; and other such relief as the court deems just and equitable.

11

## PRAYER FOR RELIEF

**WHEREFORE**, G2 demands judgment against Defendants and in G2's favor, and requests an award of damages against Defendants reflecting the full cost to repair the damage to Unit 2006; consequential damages; punitive damages; prejudgment interest; attorneys' fees and costs; and other such relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues to triable.

FLASTER/GREENBERG P.C.

Dated: May 18, 2022          By:    _____*s/ John G. Koch*_____
                                1717 Arch Street, Suite 3300
                                Philadelphia, PA 19103
                                (215) 279-9916
                                john.koch@flastergreenberg.com
                                *Attorney for Generation II, L.L.C.*

12